# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN JAMES ALLEN WOODALL,<br><br>Petitioner,<br><br>vs.<br><br>WILLIAM GORE, Sheriff of San Diego County, and KAMALA HARRIS, Attorney General of the State of California,<br><br>Respondents. | Civil No.   13cv2397-DMS (BGS)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS; and,**<br><br>**(2) DISMISSING PETITION AS MOOT** |

This Report and Recommendation is submitted to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

## I.
## FEDERAL PROCEEDINGS

Shawn James Allen Woodall (hereinafter "Petitioner"), is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, challenging an April 17, 2012, probation revocation. (ECF No. 1.) Petitioner alleges here, as he did in state court, that California Penal Code section 1203.2, the statute which

governs probation revocation proceedings, is unconstitutional, both facially and as applied, because it violates: (1) the Warrant Clause of the Fourth Amendment to the United States Constitution by permitting a warrant to be issued for a probationer's arrest which is not required to be supported by statements made under oath or affirmation; (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution because it does not require a preliminary probable cause hearing before revocation; and (3) the Due Process Clause of the Fourteenth Amendment to the United States Constitution because it allows revocation without notice of the allegations or a record of the evidence. (Pet. at 6-18.[1])

On January 8, 2014, the California Attorney General (hereinafter "Respondent") filed an Answer ("Ans."), a Memorandum of Points and Authorities in support ("Ans. Mem."), and lodged portions of the state court record. (ECF No. 22.) Respondent argues that habeas relief is unavailable because Petitioner has not carried his burden of demonstrating that the state court adjudication of his claims was contrary to, or involved an unreasonable application of, clearly established federal law. (Ans. Mem. at 11-24.) Respondent also states that Petitioner's custodial status with regard to the probation revocation he is challenging here has become "questionable" because he was released from jail by the time the Answer was filed, and "Respondent is pursuing further investigation in that regard and may request leave to supplement his Answer as necessary to assist the Court in resolving this matter." (Ans. at 2 n.1.) On February 4, 2014, Respondent filed a Supplemental Answer and Motion to Dismiss. (ECF No. 26.) Respondent argues that this action is now moot because Petitioner was released from jail on December 3, 2013, and released from all probationary supervision on January 23, 2014. (Id.) Respondent also argues this action should be dismissed for failure to prosecute because Petitioner has not notified the Court or Respondent of a new address after being released from jail. (Id.)

For the following reasons, the Court finds that dismissal for failure to prosecute is not appropriate, but that the Court has been divested of jurisdiction because this action has become moot. The Court therefore recommends the Petition be dismissed for lack of jurisdiction.

---

[1] When citing to documents filed with the Court's Electronic Case Filing ("ECF") system, the Court will refer to the pages assigned by that system.

# II.

# **STATE PROCEEDINGS**

The following statement of facts is taken from the appellate court opinion affirming the trial court's order revoking probation. This Court gives deference to state court findings of fact and presumes them to be correct. <u>Sumner v. Mata</u>, 449 U.S. 539, 545-47 (1981).

### A. *Probation Grant*

On September 29, 2011, defendant (representing himself) pled guilty to attempted possession of a controlled substance (Oxycodone) for sale, in exchange for a promise of a one-year sentence. At a sentencing hearing on December 12, 2011, the prosecutor told the court (Judge Melinda Lasater) that defendant had expressed an interest in participating in the reentry drug court program; the prosecutor believed defendant was eligible for the program; and defendant had been offered a one-year stayed sentence and probation grant conditioned on his participation in the program. Based on these representations, the court scheduled a sentencing hearing before Judge Desiree Bruce-Lyle, who was presiding over the reentry drug court program.

On January 3, 2012, the drug court suspended execution of a one-year prison sentence; placed defendant on three years' formal probation; and ordered him to complete a drug court program as a condition of probation. With defendant's agreement, counsel was appointed for purposes of representing him during his participation in drug court. The court scheduled a review hearing for January 9, 2012.

Defendant was released from jail on January 4 or 5, 2012, and he appeared at the January 9 review hearing accompanied by a drug court team member. Defendant told the drug court that he has a "life-threatening illness" and he was having trouble getting his medication. The court instructed the drug court team member to assist defendant with this matter, and told defendant to "lean on the folks at treatment" and "let them know what you need help with." The court set the next review hearing for January 17, 2012.

### B. *Initial Probation Revocation Proceedings*

On January 11, 2012, two days after the January 9 review hearing, defendant left the drug court treatment program without letting anyone from the program know where he was going or where he was residing. [Footnote: The record does not indicate the precise nature of defendant's drug court treatment program, but it appears he was residing at a drug treatment residence with outpatient privileges.]

On January 12, 2012, the drug court issued an order finding that defendant was in violation of the reentry court participant contract because he had "failed to fulfill terms of the treatment program." The court summarily revoked his probation and issued a bench warrant for his arrest.

On February 18, 2012 (over one month after he had absconded), defendant was arrested. On February 27, 2012, he appeared in custody before the drug court represented by counsel. The court informed defendant that it and the drug

treatment team had read a letter he had submitted and discussed whether he should be permitted to continue in the drug treatment program. The court told defendant he could personally address the court and say "everything that you want the court and the (treatment) team to consider."

Defendant told the court that he suffers from Parkinson's disease and a seizure disorder, and based on the court's earlier order the drug treatment team had given him advice on where to go to get the life-saving medications he needed for his terminal illness. Defendant described his repeated efforts to get his medications at various facilities, which proved fruitless due to a delay in getting his medical records. He also told the court his medications cost about $1,000 monthly; he could not afford to pay for them; he was "just stressed out" and left the drug treatment program; and his girlfriend ultimately went across the border and obtained some medication for his illness.

The court responded that defendant had been in the program for three days; he then decided to "go do whatever it is (he) felt (he) needed to do"; he had been gone since January 11; and if he had intended to stay with the program he would have contacted someone in the program after he started getting his medication from across the border. The court concluded that defendant was not suitable for the reentry drug court program, terminated him from the program, and revoked his probation.

At the conclusion of the February 27 hearing, defendant (reinstated to propria persona status) objected to the "summary revocation process" and requested an evidentiary hearing as required by [*Morrissey v. Brewer*, 408 U.S. 471 (1972)]. The court set the matter for hearing on March 23, 2012.

C. *Final Probation Revocation Proceedings*

To assist the court at the upcoming evidentiary hearing, defendant's probation officer (Rico Boco) interviewed defendant at the jail on March 9, and interviewed defendant's drug court treatment counselor (Jack Boyce) on March 13. Defendant told Boco that he left the drug treatment program because he "'panicked'" when he did not have his medications and felt he "'could not get help anywhere'"; he went to Mexico about 10 times to get medication because the cost was lower; and he "'had to do whatever it took to save (his) life.'" Drug counselor Boyce confirmed defendant's unsuccessful efforts to get his medications at two medical facilities. After these two failed attempts, on January 11, 2012 (the day defendant absconded from the program), Boyce suggested that defendant go to the University of California San Diego hospital emergency room; however, when Boyce later contacted the hospital he was told it had no record of defendant's arrival at the hospital.

After interviewing defendant and Boyce, Boco prepared a supplemental probation report setting forth the alleged probation violations. The report stated defendant had violated probation by absconding from the reentry drug court program on January 11, 2012, and by leaving San Diego County and traveling to Mexico without the probation officer's permission.

1. *March Hearing*

Prior to the scheduled March 23 evidentiary hearing, defendant filed pleadings raising facial and as-applied constitutional challenges to the probation revocation procedures set forth in section 1203.2, claiming that the *Morrissey* due process requirements had not been satisfied. At the March 23 hearing, the trial

court considered his constitutional claims and ruled the *Morrissey* due process safeguards were "inherently present" in section 1203.2. Further, the court stated the upcoming formal revocation hearing, which would afford defendant an opportunity to call witnesses and present evidence, sufficed to protect his due process rights. The court granted defendant's request for a continuance based on his claim that he had not received a copy of the supplemental probation report until that morning. The evidentiary hearing was reset for April 6, 2012, and thereafter the hearing was continued to April 17, 2012, at defendant's request so he could reissue a subpoena that was defective.

2. *April Evidentiary Hearing*

For purposes of the April evidentiary hearing, the parties stipulated that defendant suffered from a painful medical condition and that he had been prescribed medication. The court considered Boco's supplemental probation report and heard testimony from Boco (called by the prosecution), drug counselor Boyce (called by defendant), and defendant. During his testimony Boco reiterated the probation violations and the explanations provided by defendant as set forth in the supplemental probation report. Boyce confirmed that defendant told him he was concerned because he did not have the medications he needed for his illness, and Boyce tried to help him get his medications.

Testifying on his own behalf, defendant admitted the probation violation allegations, stating he left the country because he was sick and needed his medications. He acknowledged he made a mistake, and requested that the court consider his problem getting his medications as a mitigating factor for his probation violations. The prosecutor argued that it was uncontroverted that defendant violated his probation terms, and although he may have a medical condition requiring medication, his conduct showed he was a "manipulative person" who would adhere only to those terms and conditions that he chose to follow.

The court stated that although it empathized with defendant's medical condition, it did not find his condition a sufficient excuse for violating his probation conditions. The court assessed that defendant did not give the treatment program members sufficient time to attempt to help him address his medical condition, and that his focus was "on getting medication and doing treatment his way." The court concluded he was no longer appropriate for the drug court program; revoked his probation; and ordered execution of the one-year sentence.

People v. Woodall, 216 Cal.App.4th 1221, 1227-30 (2013).

### III.

### PETITIONER'S CLAIMS

(1) California Penal Code section 1203(a) is unconstitutional on its face and as applied to Petitioner's probation revocation proceeding because it permits the issuance of arrest warrants which are not required to be supported by affidavits sworn under oath or affirmation, in violation of the Warrant Clause of the Fourth Amendment to the United States Constitution. (Pet. at 10-12.)

(2) California Penal Code section 1203.2 is unconstitutional because it does not provide for a preliminary revocation hearing as mandated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Pet. at 12-16.)

(3) The state drug court violated Petitioner's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution by revoking probation without providing him notice of the allegations or making a record of the evidence used to support the revocation. (Pet. at 17-18.)

## IV.

## DISCUSSION

For the following reasons, the Court **RECOMMENDS** that Respondent's Motion to Dismiss the Petition for failure to prosecute be **DENIED**, that Respondent's Motion to Dismiss this action as moot be **GRANTED**, and that the Petition be **DISMISSED** as moot.

**A.    Failure to Prosecute**

Respondent contends that this action should be dismissed for failure to prosecute because Petitioner has not notified the Court or Respondent of his new address following his release from jail. (Resp.'s Mot. to Dismiss at 2.) Respondent argues that Petitioner's failure to update his address indicates an intention to abandon this case, in that he has extensive experience litigating such cases in this Court, as well as extensive experience with the criminal justice system as evinced by his lengthy criminal record.[2] (Id.)

Respondent correctly points out that by failing to update the Court with his new address, Petitioner has violated this Court's October 16, 2013, Order, which stated in part: "Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's

---

[2] Petitioner currently has pending in this Court a civil rights action pursuant to 42 U.S.C. § 1983 in So.Dist.Ca.Civil Case No. 13cv2231-H (KSC), in which he is represented by counsel, and it would therefore appear that both the Court and Respondent have the means of contacting Petitioner through counsel if necessary. The Court notes that in the numerous civil cases Petitioner has litigated in this Court he has conscientiously updated the Court with his changes of address, as many as ten times in some cases, thereby supporting Respondent's contention that Petitioner has abandoned this case. See So.Dist.Ca.Civil Case Nos. 12cv0817-AJB (RBB); 10cv1890-BTM (BGS); 10cv1218-MMA (CAB); 10cv1127-BEN (WVG); 08cv1132-BTM (RBB); 07cv01583-H (AJB); 05cv1478-W; 04cv1534-W (WMc); 04cv1499-IEG (JFS); 04cv0168-IEG (NLS); 02cv2383-W; 02cv1845-H (POR); 02cv1835-H; 02cv1812-JM (RBB); 02cv1714-IEG (RBB); 01cv0180-BTM (LAB); 01cv0179-BTM (POR); 01cv0004-BTM (JMA); and 00cv2584-JM (LSP).

address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute." (ECF No. 6 at 3.) "In determining whether to dismiss a [petition] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) ("Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion.")

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642, quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). However, the merits of the habeas claims in this case were fully briefed and ready for determination as soon as Respondent filed the Answer on January 8, 2014, after being granted a one-month extension of time, at a time when Petitioner was still on probationary supervision for the probation revocation challenged in the Petition. Petitioner was instructed that he may, if he wished, file a Traverse on or before February 7, 2014, (see ECF No. 18), but has not done so. However, it is unlikely a Traverse would assist in the resolution of the merits of the claims presented, as Petitioner, who was represented by counsel throughout the state court proceedings in which he exhausted his state court remedies for the claims presented here, is now proceeding pro se and relying upon the same arguments presented his state court pleadings to support his claims. In any case, as set forth below, this action became moot two weeks before the Traverse deadline expired. Because the Court was divested of jurisdiction at a time when Petitioner was permitted but not obligated to file a Traverse, Petitioner's failure to provide a current address has not delayed the resolution of this matter or interfered with the Court's management of its docket, and the first two factors do not weigh in favor of dismissal. See Ferdik, 963 F.2d at 1261 (finding the first two factors supported dismissal where the "case

dragged on for over a year and a half before it was finally dismissed.") Similarly, Respondent has not alleged nor shown that the ability to prosecute this action has been hampered by Petitioner's failure to provide a new address, and the third factor weighs against dismissal.

There are less drastic alternatives available to the Court than dismissal for failure to prosecute, including contacting Petitioner though his counsel in his other pending case should that be necessary, dismissal based on mootness as recommended in this Report, or, to the extent the Court is not divested of jurisdiction, addressing the merits of the fully-briefed claims. Thus, the fourth factor does not support dismissal for failure to prosecute. Because public policy favors disposition of cases on their merits, all five factors weigh against dismissal for failure to prosecute. The Court therefore recommends that Respondent's Motion to Dismiss this action for failure to prosecute be **DENIED**.

**B.   Mootness**

Respondent contends this action is moot because Petitioner is no longer in custody under the probation revocation decision he is challenging, and is not subject to any collateral consequences flowing from that revocation. (Resp.'s Mot. to Dismiss at 3-6.) Petitioner was convicted, pursuant to a guilty plea, of possession of a controlled substance for sale on September 29, 2011; he was sentenced to serve a one-year term in jail, which was suspended, and three years of formal probation, a condition of which required completion of a drug program. Woodall, 216 Cal.App.4th at 1227. Probation was revoked on April 17, 2012, due to his failure to complete the drug program, and Petitioner was ordered to serve the one-year jail term. Id. at 1227-30. He was given 345 days of credit for time already spent in custody. (Lodgment No. 1, Clerk's Tr. ["CT"] at 252.) After his release from jail, and while he was on supervised release into the community serving the remainder of his three-year probation term, he was charged with attempted importation of marijuana, and was incarcerated in the San Diego County Jail at the time the Petition was constructively filed in this action on October 1, 2013.[3] (Pet. at 1-2.)

---

[3] Petitioner is entitled to the benefit of the "mailbox rule" which provides for constructive filing of court documents as of the date they are submitted to the prison authorities for mailing to the court. Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000).

In order for this Court to have jurisdiction to consider a habeas petition from a state prisoner, the petitioner must be "in custody" under the judgment challenged at the time the Petition is filed. Carafas v. LaVallee, 391 U.S. 234, 238 (1968), quoting 28 U.S.C. § 2254(a). Petitioner alleges that he was "in custody" under the April 2012, probation revocation at the time the Petition was filed, because he had been placed on mandatory probation supervision pursuant to the order of a three-Judge panel of the United States District Court for the Northern District of California regarding reduction of the state's inmate population. (Pet. at 6-7.) Respondent has not challenged Petitioner's contention, other than to note that his custodial status became "questionable" while this action was pending (see Ans. at 2 n.1), but in fact confirms that contention though the declaration proffered in support of the Motion to Dismiss, and the record therefore supports a finding that the "in custody" requirement was satisfied at the time the Petition was filed.[4]

However, the "case-or-controversy requirement [of Article II, section 2 of the United States Constitution] subsists through all stages of federal judicial proceedings," and requires that throughout the entire proceeding, Petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998), quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "The burden of demonstrating mootness is a heavy one." Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001). "A case becomes moot whenever it 'los(es) its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law.'" Id., quoting Hall v. Beals, 396 U.S. 45, 48 (1969). "A case is moot if the issues presented are no longer live and there fails to be a 'case or

---

[4] The declaration provided by Respondent supports Petitioner's position. (See Decl. of Volsky [ECF No. 26].) According to the declaration, a probation officer who works with persons released on probation pursuant to California's program to reduce the state's inmate population through supervised release of low risk offenders, informed the declarant that, at the time this action was commenced, Petitioner was still under probationary restraints arising from the probation revocation proceeding challenged here, because at that time he was in jail awaiting a hearing regarding revocation of that probation as a result of the new charges of importation of marijuana. (Id. at ¶¶ 5-6.) The probation officer indicated that Petitioner eventually admitted the probation violation, was released with credit for time served onto probation supervision on December 3, 2013, and was released from all probationary supervision obligations on January 23, 2014. (Id. at ¶¶ 6-7.)

controversy' under Article III of the Constitution." In re Burrell, 415 F.3d 994, 998 (9th Cir. 2005). "If the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction." Id.

Because Respondent has demonstrated that Petitioner is no longer in custody as a result of the probation revocation proceeding he challenges, "some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained." Spencer, 523 U.S. at 7. The Ninth Circuit has indicated that "[i]n this day of federal sentencing guidelines based on prior criminal histories," there is an irrebuttable presumption that collateral consequences flow from any criminal conviction. Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994). However, the Supreme Court has refused to extend to parole revocation proceedings the same presumption of collateral consequences given to criminal convictions. Spencer, 523 U.S. at 12-13, citing Lane v. Williams, 455 U.S. 624, 632-33 n.13 (1982) ("The parole violations that remain a part of respondents' records cannot affect a subsequent parole determination unless respondents again violate state law, are returned to prison, and become eligible for parole. Respondents themselves are able-and indeed required by law-to prevent such a possibility from occurring."); see also Center for Biological Diversity v. Lohn, 511 F.3d 960, 964 (9th Cir. 2007) (recognizing, in addition to the collateral consequences doctrine, other major exceptions to the mootness doctrine, including "wrongs capable of repetition yet evading review," and "voluntary cessation" of the allegedly illegal conduct), quoting Burrell, 415 F.3d at 998.

Petitioner has identified no collateral consequences arising from a failure to have the allegedly unconstitutional revocation proceeding invalidated. The Ninth Circuit has stated:

> "(T)he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Federal courts have a fair amount of flexibility in fashioning specific habeas relief. "A federal court is vested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus. The court is free to fashion the remedy as law and justice require and is not required to order petitioner's immediate release from physical custody." *Sanders v. Ratelle*, 21 F.3d 1446, 1461 (9th Cir. 1994) (internal quotation marks and citations omitted).

Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005).

1    In Burnett, a parolee challenged a parole deferral decision, but while the federal petition was pending, he was released on parole, violated parole, and reincarcerated for the remainder of his original sentence as a result of the parole violation. Id. at 997. Because petitioner was incarcerated for violating parole, his ongoing incarceration was not a result of the parole board's original action deferring parole, and the Court found that "(t)he 'actual injury traceable to the (State of Oregon)' for which Burnett seeks relief [i.e., an unconstitutional delay in granting parole] cannot be 'redressed by a favorable . . . decision' of the court issuing a writ of habeas corpus." Id. at 1000-01, quoting Spencer, 523 U.S. at 7. The Court therefore found that the petitioner's release on parole and subsequent re-imprisonment rendered the habeas action moot. Id. at 1001.

Similarly, the Ninth Circuit has found, in the immigration context, that a habeas challenge to "the length of [a petitioner's] detention, as distinguished from the lawfulness of the deportation order," was moot, because "his grievance could no longer be remedied once he was deported." Abdala v. I.N.S., 488 F.3d 1061, 1062 (9th Cir. 2007). On the other hand, the Ninth Circuit has rejected a mootness argument in the context of release of a prisoner onto supervised release where the petitioner could obtain habeas relief by reduction of the duration of the supervised release. Serrato v. Clark, 486 F.3d 560, 565 (9th Cir. 2007); see also Abdala, 488 F.3d at 1064 (collecting habeas cases which were found not to be moot where collateral immigration consequences persisted which could be remedied, such as a bar from seeking cancellation of removal for twenty years).

Because Petitioner is no longer under any probationary supervision obligations whatsoever with respect to the 2012 probation revocation he is challenging here (see Decl. of Volsky at ¶¶ 5-7), the relief he seeks, a declaration that California's probation revocation procedures are unconstitutional, both facially and as applied to Petitioner during his 2012 probation revocation proceeding, could only conceivably benefit Petitioner if he committed a new crime, was sentenced to probation, violated probation, and then underwent new probation revocation proceedings which, assuming he succeeds on the merits of his claim(s) here, would have been modified to conform with some or all of the federal constitutional guarantees he seeks

to vindicate through this action. Although it is plausible that Petitioner may violate the terms of any possible future probation,[5] Respondent correctly points out that the United States Supreme Court in Spencer rejected a similar rationale to avoid mootness. In that case, the Court held that the petitioner was unable to show any continuing collateral consequences from the parole revocation proceeding challenged in his federal petition, because during the pendency of the federal proceedings he had been re-released on parole and his term of imprisonment had expired. Spencer, 523 U.S. at 3-6. The Spencer Court found no collateral consequences from the parole revocation, rejecting arguments that the revocation, if permitted to stand, could be used to: (1) petitioner's detriment in future parole proceedings; (2) increase petitioner's sentence in a future sentencing proceeding; (3) impeach petitioner should he appear as a witness, litigant or defendant in a future criminal or civil proceeding; or (4) bar petitioner from seeking damages in a civil rights action under 42 U.S.C. § 1983. Id. at 14-18. The Court also found that the case did not fall within the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review," because it satisfied neither requirement that: "(1) the challenged action (is) in its duration too short to be fully litigated prior to cessation or expiration, and (2) there (is) a reasonable expectation that the same complaining party (will) be subject to the same action again." Id. at 17, quoting Lewis, 494 U.S. at 481; see also Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) (holding that "the capable-of-repetition doctrine applies only in exceptional circumstances.")

The case here is similar to Spencer. Petitioner is no longer under any custodial restraint as a result of the probation revocation proceeding he challenges in this action. The relief he seeks, a finding that his 2012 probation revocation was unconstitutional, can only conceivably benefit him if he is convicted of another criminal offense, placed on probation, violates the terms of that probation, and is subject to a new round of revocation proceedings. The Supreme Court has specifically rejected such a possibility as a collateral consequence because petitioners are expected to avoid violating the law in the future. Spencer, 523 U.S. at 12-15. Any other

---

[5] Petitioner has indicated in his other pending case that he has in the past intentionally violated probation in order to seek medical care through the San Diego County Jail. (See Complaint [ECF No. 1] at 12-19 in So.Dist.Ca.Civil Case No. 13cv2231-H (KSC).)

1  potential collateral consequences arising from permitting Petitioner's probation revocation to
2  stand are too speculative to prevent a finding of mootness. Id.; Lane, 455 U.S. at 632-33.

3　　　　Petitioner alleges in his Petition that this case comes under the "capable of repetition, yet
4  evading review" exception to the mootness doctrine. (Pet. at 7.) He refers to a previous case
5  he litigated in this Court in So.Dist.Ca.Civil Case No. 08cv1132-BTM (RBB), in which he
6  challenged a 2006 probation revocation, and where he alleged that his due process rights were
7  violated when his probation was revoked without a probable cause hearing or a formal probation
8  revocation hearing. (See Pet. [ECF No. 1] at 6-10 in So.Dist.Ca.Civil Case No. 08cv1132-BTM
9  (RBB).) This Court denied the petition on the merits of the claims presented, and Petitioner
10 appealed that judgment; the Ninth Circuit dismissed the appeal on the basis that, at the time the
11 petition was filed, Petitioner was not "in custody" under the probation revocation he challenged.
12 Woodall v. Beauchamp, 450 Fed.Appx. 655 (9th Cir. 2011). Petitioner had been convicted in
13 that case on September 28, 2006, of evading a police officer with reckless driving, and sentenced
14 to three years of formal probation; he violated probation by committing another crime, and on
15 October 19, 2007, had his original probation extended two years to run concurrently with the
16 four-year prison sentence on the new crime. Id. 655 n.1. He was not in custody under the
17 probation revocation at the time he constructively filed his federal petition in this Court on June
18 13, 2008, because at his October 19, 2007, sentencing, he received credit for time served in
19 excess of the extended two-year probation sentence. Id. at 655.

20　　　　In order to satisfy the "capable of repetition yet evading review" exception to the
21 mootness doctrine, Petitioner must show that he does not have enough time to present his claims
22 before his probation revocation term expires, and "a reasonable expectation that [he](will) be
23 subject to the same action again." Spencer, 523 U.S. at 17, quoting Lewis, 494 U.S. at 481.
24 Because Petitioner is no longer under any probationary supervision obligations, "the 'actual
25 injury traceable to [the State of California]' for which [he] seeks relief cannot be 'redressed by
26 a favorable decision of the court issuing a writ of habeas corpus,'" unless Petitioner commits
27 another crime, is convicted and sentenced to probation, violates the terms of that new probation,
28 and is provided the same allegedly unconstitutional probation revocation procedures challenged

here. Burnett, 432 F.3d at 1000, quoting Spencer, 523 U.S. at 7. The Supreme Court has rejected the use of such a rationale to invoke the "capable of repetition yet evading review" exception to the mootness doctrine because, as discussed above, Petitioner is expect to obey the law, and therefore cannot show "a reasonable expectation that [he](will) be subject to the same action again." Spencer, 523 U.S. at 17, quoting Lewis, 494 U.S. at 481.

Accordingly, the Court finds that Petitioner's completion of all probationary supervision obligations during the pendency of this action renders this action moot. The Court also finds that no exception to the mootness doctrine applies. As such, this Court has been divested of subject matter jurisdiction over the Petition. Burrell, 415 F.3d at 998. The Court **RECOMMENDS** that Respondent's Motion to Dismiss the Petition as moot be **GRANTED**, and the Petition **DISMISSED** for lack of subject matter jurisdiction.[6]

## V.

## CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered granting in part and denying in part Respondent's Motion to Dismiss, and dismissing this action as moot.

**IT IS ORDERED** that no later than **March 24 , 2014**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation.

---

[6] The Court also notes that it lacks personal jurisdiction over either of the two named Respondents here, the San Diego County Sheriff and the California Attorney General, because Petitioner is no longer under any custodial restraints. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (holding that a habeas petitioner must name as respondent "the state officer who has official custody" of him, and that "failure to name the correct respondent destroys personal jurisdiction.") When the Court lacks personal jurisdiction in a habeas action, it must dismiss the petition unless it is timely amended to name the proper respondent. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). Even if Petitioner could name a proper respondent, which appears impossible, it would be futile for him to attempt to do so because this action is moot. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (holding that because petitioner had not named his custodian as respondent, the district court lacked jurisdiction to dismiss the petition on abstention grounds, and "we vacate its dismissal and remand with instructions to dismiss for lack of jurisdiction unless Stanley can timely amend his petition to name the correct party as respondent and can demonstrate that his claims . . . are ripe for federal habeas review.") (emphasis added).

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 7, 2014.** The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**DATED:** March 3, 2014

_____
**HON. BERNARD G. SKOMAL**
**UNITED STATES MAGISTRATE JUDGE**